## JAMES ROBINSON *v.* W. P. OWSLEY, ETC.

**Roads and Passways—Private Passway—Dedication—Prescription—Land of Vendor Surrounding Land of Vendee.**
A private passway can not be created by dedication; it must be granted, and this grant must be proven, either by a writing, or by a continued use and enjoyment, under a claim of right, for the term of fifteen years.
Such a right might be implied in a case in which the vendor owned lands entirely surrounding those sold to his vendee.

APPEAL FROM LINCOLN CIRCUIT COURT.

January 13, 1872.

OPINION BY JUDGE LINDSAY:

The conveyances under which appellees hold do not reserve a right of way over that lands in favor of appellants. The conveyances to appellant's remote vendor, who was purchaser at the sale made by the agent Owsley, does not attempt to secure to him a right of way over the land of appellees.

The announcement at the auction sale that such reservation should be made was an agreement for the sale of an interest in real estate. It was never reduced to writing. Appellant's remote vendor, Wm. J. Miller, accepted his conveyance without having this agreement incorporated therein. There is no evidence conducing to show he was not apprised of this omission in the deed at the time of its acceptance.

A private pass-way cannot be created by dedication. It must be granted, and this grant must be proved, either by a writing or by a continued use and enjoyment under a claim of right for the term of fifteen years. Bowman v. Wickliffe, 15 B. Mon. 68; Hall v. McLeod, 2nd Metcalfe 104.

Such a right might be implied in a case in which the vendor owned land entirely surrounding those sold to his vendee, but such is not the case here. If a pass-way over the lands of appellee is essential to the perfect enjoyment by appellants of his lands, he must obtain it in the manner prescribed by the statutes.

Judgment affirmed.

Hill & Alcorn, for appellant·
Owsley & Burdett, for appellee.